IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kenneth D. Rivera, #318979,<br><br>                Plaintiff,<br><br>vs.<br><br>Bryan P. Stirling, Director;<br>Mr. Pearson, S.I.U.;<br>Mr. McKie, Warden;<br>Ms. Smith, I.C.C.;<br>Mr. Span, I.C.C.,<br><br>                Defendants. | C/A No. 8:15-2347-JMC-JDA<br><br>**REPORT AND RECOMMENDATION** |

Kenneth D. Rivera ("Plaintiff"), proceeding pro se, brings this civil action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Plaintiff is a South Carolina Department of Corrections ("SCDC") inmate incarcerated at Lieber Correctional Institution. He files this action *in forma pauperis* under 28 U.S.C. § 1915. This case is subject to summary dismissal.

## BACKGROUND

Plaintiff alleges the following facts. From February 18, 2010, through May 31, 2013, he was confined within SCDC in "security detention (SD)" as a "validated security threat group (STG)." [Doc. 1 at 3.] On May 31, 2013, he was released from SCDC custody, but on March 9, 2015, he was again committed to SCDC custody. [*Id.*] "On April 13, 2015 after being at KCI-R&E[1] for thirty-five (35) days [he] was confined to D-Dorm (segregation) without a disciplinary infraction or a board hearing for the STG/SD validation." [*Id.*] On April

---

[1]At the time Plaintiff filed the Complaint, he was incarcerated at Kirkland Correctional Institution; on June 19, 2015, this Court received notification that Plaintiff was incarcerated at Lieber Correctional Institution. [Doc. 1, 7.]

21, 2015, Defendants held a board meeting "to keep him validated as a STG" without permitting Plaintiff to be present to speak on his behalf. [*Id.*; Doc. 1-1 at 3.] "At no time during Plaintiff confinement in D-dorm have he was seen by the SMU classification review board, but yet he was classified as a security threat group member (STG)." [*Id.*] Plaintiff "submitted numerous staff request to defendants in which Mr. Span responded twice." [Doc. 1 at 3.] After he filed a prison grievance about the double jeopardy violation, his grievance was returned unprocessed. [*Id.*] Also, Plaintiff presented the facts relating to his Complaint to Defendants using the prisoner grievance procedures, but Defendants either returned the grievances unprocessed or failed to respond. [Doc. 1-1 at 3.]

Based on these facts, Plaintiff alleges that the following constitutional rights were violated: First Amendment; due process rights; and Fifth Amendment right to be free from double jeopardy. [Doc. 1 at 2; Doc. 1-1 at 4.] For his relief, Plaintiff seeks damages and injunctive relief for this Court to order Defendants to release him to the prison general population. [Doc. 1 at 4; Doc. 1-1 at 4.]

This Court takes judicial notice that the SCDC website indicates that Plaintiff is incarcerated at Lieber, and his security/custody is listed as "3/security detention." *See* South Carolina Department of Corrections, https://public.doc.state.sc.us/scdc-public/ (enter SCDC ID number "318979") (last visited July 2, 2015); *see also Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record."). Further, it appears Plaintiff was convicted in the Greenville County Court of General Sessions in 2014 of armed robbery and two counts of possession of a firearm/ammunition by a felon, and he is serving a fifteen-year sentence. *See* South

Carolina Department of Corrections, https://public.doc.state.sc.us/scdc-public/ (enter SCDC ID number "318979") (last visited July 2, 2015).

## STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review the Complaint for relief and submit findings and recommendations to the District Court. Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if Plaintiff had prepaid the full filing fee, this Court is charged with screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

As a pro se litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). However, even under this less stringent standard, the pro se pleading remains subject to summary dismissal. The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district

court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## **DISCUSSION**

The Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 132 S. Ct. 1497, 1501 (2012). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff's Complaint should be dismissed for failure to allege a claim on which relief may be granted because he does not allege a plausible violation of his constitutional rights. Although the Court must liberally construe the pro se Complaint and Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the Complaint, the

Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)); *see also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (explaining that a plaintiff may proceed into the litigation process only when his complaint is justified by both law and fact).  "A claim has 'facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Owens v. Baltimore City State's Attorneys Office*, 767 F.3d 379, 388 (4th Cir. 2014).

Although in certain circumstances a prisoner may allege a claim for violation of his procedural due process rights under the Constitution based on a liberty interest in certain prison confinement conditions, the prisoner must demonstrate two steps.  First, he must point to a state statute, regulation, or policy that establishes a liberty interest *and* show that the denial imposed on him is "an 'atypical and significant hardship . . . in relation to the ordinary incidents of prison life.'" *See Prieto v. Clarke*, 780 F.3d 245, 248–51 (4th Cir. 2015) (relating to Virginia's policy for death row inmates and finding no violation of the Due Process Clause) (citations omitted).  Secondly, a prisoner must show that the prison failed to afford him minimally adequate process to protect the liberty interest.  *See Incumaa v. Stirling*, No. 14-6411, -F.3d-, 2015 WL 3973822, at *6–15  (4th Cir. July 1, 2015). Recently, in *Incumaa*, the Fourth Circuit Court of Appeals discussed SCDC's policies related to security detention and security threat groups.  *Id.*  The Court of Appeals held that the prisoner in that case had demonstrated the first step—that he had a liberty interest in avoiding solitary confinement because there was an SCDC policy mandating review of

5

security detention every 30 days[2] *and* the conditions of his solitary confinement in security detention for two decades did present atypical and significant hardship in relation to the ordinary incidents of prison life.  *Id.*  The Court of Appeals further analyzed the SCDC's procedures for periodic review of the confinement of inmates in security detention and concluded that there was a triable dispute as to whether SCDC's "process for determining which inmates are fit for release from security detention meets the minimum requirements of procedural due process."  *Id.* at *1, 12–15.

In contrast to the prisoner in *Incumaa*, Plaintiff in this case fails to allege a plausible procedural due process claim because he does not allege sufficient factual matter to demonstrate part of the first step, that is, that the denial imposed on him is an atypical and significant hardship in relation to the ordinary incidents of prison life.  He seems to allege that prior to April 13, 2015, he was in the general prison population for thirty-five days without committing a disciplinary infraction.  He alleges on April 13, 2015, he was placed in security detention, and on April 21, 2015, he was classified as a STG member.  This alleged denial imposed on him is insufficient to demonstrate an atypical and significant hardship; for

---

[2]Prior to *Incumaa*, courts in this district had ruled in certain cases that South Carolina law does not create a liberty interest regarding prison classification.  *See, e.g., Presley v. Byars*, C/A No. 1:13-3441-JFA-SVH, 2014 WL 792157, at *3 (D.S.C. Feb. 24, 2014) (summarily dismissing the case where prisoner contended that he was improperly classified as a security threat and was not permitted to attend the Institutional Classification Committee hearings or submit evidence related to his security status).  Further, in a case previously filed by Plaintiff for violation of his constitutional rights based on denial of the right to attend and present evidence at his security classification hearings, this Court had explained that the "law is well settled . . . that an inmate has no constitutional right to receive a particular security classification."  *See* Report and Recommendation, *Kenneth Rivera v. Byars (Rivera I")*, C/A No. 8:12-2219-JMC-JDA (D.S.C. Aug. 12, 2013), ECF No. 63, *adopted by*, ECF No. 65.

example, Plaintiff did not allege facts related to the severity of his confinement conditions or a lengthy period of placement in security detention. Further, Plaintiff's length of confinement in security detention (from April 13, 2015, to date) is far different from *Incumaa*'s "exceptional 20-year stint in highly restrictive solitary confinement. . . ." *Id.* at *11. Thus, Plaintiff's due process claim should be dismissed for failure to state a claim on which relief may be granted.

Plaintiff's claim that Defendants violated the Fifth Amendment's Double Jeopardy Clause is meritless. The Double Jeopardy Clause provides that "no person shall . . . be subject for the same offence to be twice put in jeopardy of life or limb . . . ." *See United States v. Ayala*, 601 F.3d 256, 264 (4th Cir. 2010); *Lewis v. Pettiford*, No. 6:06-1061-GRA-WMC, 2007 WL 542735, at *8–9 (D.S.C. Feb. 16, 2007) (noting that the clause protects against multiple punishments for the same offense). However, the Double Jeopardy Clause is not implicated by internal prison disciplinary actions. *Id.*; *Anderson v. Padula*, No. 0:05-3029-PMD-BM, 2006 WL 1075003, at *4 (D.S.C. April 19, 2006) (noting that the Double Jeopardy Clause does not cover prison disciplinary sanctions).

Plaintiff seems to contend that Defendants violated his constitutional right to redress grievances under the First Amendment by failing to respond to, and/or process, his prison grievances. However, as this Court stated in a different previous action filed by Plaintiff wherein he alleged the denial of his constitutional right to redress of grievances, a prisoner's allegation that a defendant failed to respond to his prison grievances does not state a cognizable constitutional claim. *See Kenneth Rivera v. Byars (Rivera II")*, C/A No. 8:12-3214-JMC (D.S.C. Oct. 24, 2013), ECF No. 40. It is well settled that an inmate's access to

and participation in a prison's grievance process is not constitutionally protected. *See Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994); *Taylor v. Lang*, 483 F. App'x 855, 858 (4th Cir. 2012); *Sweat v. Harell*, C/A No. 9:09-2040-HFF-BM, 2009 WL 3334451, at *3 (D.S.C. Oct. 15, 2009). Thus, even if Defendants improperly processed or failed to respond to Plaintiff's grievances, such conduct does not violate the Constitution.

## **RECOMMENDATION**

It is recommended that the District Court dismiss this action without prejudice and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). **Plaintiff's attention is directed to the important notice on the next page.**

July 2, 2015                                                                      s/Jacquelyn D. Austin
Greenville, South Carolina                                         United States Magistrate Judge

8

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).